IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD CASAREZ,

    Plaintiff,                    No. 2:13-cv-0816 KJM KJN PS

    v.

W. POLICE SACRAMENTO,

    Defendant.                  FINDINGS AND RECOMMENDATIONS

                            /

        On April 25, 2013, plaintiff Richard Casarez, proceeding without counsel, filed this action and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF Nos. 1, 2.)  Upon reviewing plaintiff's application to proceed in forma pauperis, the court determined that plaintiff failed to make an adequate showing of indigency.  As such, the court denied plaintiff's application to proceed in forma pauperis without prejudice, and granted plaintiff an opportunity to either pay the applicable filing fee or file a sufficient amended application to proceed in forma pauperis within 28 days.  (ECF No. 3.)  In that order, the court cautioned plaintiff that his "failure to either pay the filing fee or file a sufficient amended application to proceed in forma pauperis by the [28-day] deadline will result in a

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b)." (Id.) Although that deadline has now passed, plaintiff has failed to either pay the filing fee or file an amended application to proceed in forma pauperis.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition). This court's Local Rules are in accord. See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket; (3) the risk of prejudice
> to the defendants; (4) the public policy favoring disposition of

2

cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

        Here, the first two Ferdik factors strongly support dismissal.  Plaintiff has not responded to the court's only order in this action; nor has he otherwise participated in this case since his original filings.  Thus, it appears that the court is devoting scarce judicial resources to this litigation despite plaintiff's apparent intent to abandon it.

        The third Ferdik factor, prejudice to defendants, also favors dismissal.  At the very least, defendant has been named in a civil action and has had progress towards resolution of the case delayed by plaintiff's failure to comply with the court's order.  The fifth Ferdik factor, availability of less drastic alternatives, also favors dismissal, because plaintiff has already been provided with notice and an opportunity to cure the deficiencies identified by either submitting an amended application to proceed in forma pauperis or paying the filing fee, which plaintiff did not do.

        The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits.  However, for the reasons set forth above, factors one, two, three, and five support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If

anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with the court's order.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: June 12, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE